IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD A. BOULDEN,

    Petitioner,

v.                                                                     No. 22-cv-411-WJ-GJF

GEORGE STEPHENSON and
ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER DIRECTING AMENDMENT AND DENYING MOTION TO CONSOLIDATE

This matter is before the Court on Donald Boulden's handwritten Petition for a Writ Habeas Corpus Petition Under 28 U.S.C. § 2254 (Doc. 1) (Petition). Also before the Court is Boulden's Motion for Consolidation of Actions. (Doc. 9). Though styled as a § 2254 Petition, Boulden seeks variously to attack the execution of his sentence (a claim that arises under 28 U.S.C. § 2241); to challenge the conditions of his confinement and vindicate alleged constitutional deprivations (claims that arise under 42 U.S.C. § 1983); and to raise state-law-governed breach of contract claims. (Doc. 1). Perhaps recognizing that many of his claims are not properly raised in a habeas petition, Boulden seeks to consolidate this case with Case No. 21-cv-440-KWR-JHR, a civil rights case that survived screening before the Petition was filed. For the reasons that follow, the Court will deny the Motion for Consolidation and require Boulden to amend the Petition by submitting his § 2241 claims on a proper form provided by the Court.

## DISCUSSION

    A.  <u>The Court will not consolidate Boulden's habeas action with this pending civil rights lawsuit.</u>

Boulden argues that this habeas action should be consolidated with Case No. 21-cv-440-KWR-JHR because the complaint in that case concerns the same alleged constitutional violations raised in the Petition and involve the same defendants. (Doc. 8-9). The motion is not well taken and shall be denied.

Habeas petitions are used to attack the validity or execution of a sentence; they are not civil rights actions by which prisoners may litigate abusive prison conditions. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). To prosecute civil rights claims against a state actor, a prisoner must file a proper § 1983 complaint, pay a $402.00 filing fee or apply to proceed *in forma pauperis*, which reduces the fee to $350.00, and survive screening pursuant to 28 U.S.C. § 1915A. Habeas proceedings, on the other hand, require a $5.00 filing fee and are subject to screening under Habeas Corpus Rule 4. In sum, they are procedurally and substantively distinct.

"Although a § 2241 attack on the execution of a sentence may challenge some matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters," it is well established that "a § 2241 petition [cannot] be used to challenge prison "conditions of confinement." *McIntosh*, 115 F.3d at 811; *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). The two forms of action are therefore not amenable to consolidation. *McIntosh*, 115 F.3d at 811; *Wilkinson v. Dotson*, 544 U.S. at 78.

To the extent Boulden wishes to expand his claims in Case No. 21-cv-440-KWR-JHR, it is his prerogative to seek leave to amend his complaint by filing an appropriate motion in that case. To the extent Boulden wishes to pursue civil rights or breach of contract claim otherwise, it is his prerogative to file a new lawsuit in this Court or in the appropriate state court. In any event, the Motion for Consolidation shall be denied with prejudice.

B.  To Proceed in this Habeas Proceeding Boulden Must File an Amended Petition.

A habeas petition seeking relief under 28 U.S.C. § 2254 is used to collaterally attack the validity of a state conviction and sentence.  *McIntosh*, 115 F.3d at 811. A prisoner who seeks to challenge the execution of his sentence, including the deprivation of earned good time credits or the failure to award good time credits must proceed under 28 U.S.C. § 2241. *McIntosh*, 115 F.3d at 811 (discussing the deprivation of good time credits); *Owens-El v. Wiley*, 183 F. App'x 775, 777 (10th Cir. 2006) (holding that a petitioner who seeks a reduction in the period of incarceration by "granting good time" was appropriately brought as a § 2241 habeas petition).

Although Boulden styled the Petition as one seeking habeas relief under 28 U.S.C. § 2254, he does not appear to challenge the validity of his state court judgment or sentence.  Instead, it appears that Boulden seeks only to challenge prison officials' decision to not award good time credits to which Boulden believes he is entitled. This claim must be raised in a § 2241 petition. The Court will mail Boulden a blank § 2241 petition. If he wishes to pursue habeas relief based on the unawarded good time credits, he must file an amended petition on the appropriate form and file it within thirty days of the entry of this Memorandum Opinion and Order.

Finally, because the current Petition comprises 93 pages, including exhibits, Boulden is reminded that he is required to abide by the rules governing federal and local civil procedure. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."). Specifically, Boulden's amended petition, if any, may not exceed twenty-seven double spaced pages, inclusive of exhibits. *See* D.N.M.LR-Civ. 7.5. It must also comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a short, plain statement of the grounds for

3

relief. When drafting his amendment, Boulden should include a brief description of each *habeas* claim in the sections of the § 2241 petition titled "Ground One," "Ground Two," etc. For the reasons discussed above, conditions of confinement claims (*i.e.*, equal protection, retaliation, First Amendment, Eighth Amendment claims) and breach of contract claims are not appropriately raised in a habeas petition and, if raised in an amended petition, they will be subject to dismissal. Finally, the Court will not "sort through a lengthy … complaint and voluminous exhibits … to construct [a petitioner's] causes of action." *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) (citations omitted). Therefore, if Boulden fails to timely file an amended § 2241 petition that complies with this Order, the Court will dismiss this action without further notice.

**IT IS ORDERED** that the Boulden's Motion for Consolidation of Actions (**Doc. 9**) is **DENIED** with prejudice.

**IT IS FURTHER ORDERED** within thirty **(30) days** of entry of this Order, Boulden shall file an amended § 2241 petition on the proper form and consistent with the above instructions.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **MAIL** Boulden a blank § 2241 form.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE