UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

DONALD A. BOULDEN,

    Petitioner,

v.                                                                                                                          Civ. No. 22-411 WJ/GJF

ATTORNEY GENERAL OF THE STATE
OF NEW MEXICO, et al.,

    Respondents.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Petitioner Donald Boulden's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [ECF 12 ("Pet.")] ("Petition"). Boulden alleges the New Mexico Corrections Department violated his state and federal rights by denying his request for meritorious time deductions associated with his completion of certain educational courses. As explained below, Boulden can only raise federal issues in this habeas proceeding and he has no federal due process liberty interest in receiving discretionarily awarded time deductions. Thus, this Court RECOMMENDS the Petition be DENIED and this case DISMISSED WITH PREJUDICE.

    **I.**    **BACKGROUND**

Bolden is currently serving a 27-year term of imprisonment pursuant to his no contest pleas to third-degree criminal sexual penetration and first-degree kidnapping. ECF 18-1 at 1-3, 37-43. Boulden applied for two 30-day meritorious deductions for completing independent study certificate programs in paralegal studies and criminal law through Blackstone Career Institute. ECF 18-3 at 31, 39. Boulden's educational supervisor initially recommended that he be considered eligible for these deductions. *Id.* Higher-level personnel at the prison, however, denied these

deductions because these legal studies programs were not approved for meritorious deductions and did not require at least 100 supervised hours of coursework. *Id*. at 34, 54 (denial), 32-33 (correspondence from Blackstone Career Institute stating the Assistant/Paralegal Diploma Program equates to 30.5 semester hours and each Advanced Paralegal Course equates to 3 semester hours).

Boulden challenged this administrative denial in a Rule 5-802 NMRA petition that was subsequently amended by appointed habeas counsel. ECF 18-1 at 125-31. The petition made four main arguments: (1) the prison's refusal to grant the meritorious deductions violated Boulden's state and federal rights to due process and equal protection of the law, as well as his rights under the First and Eighth Amendments; (2) the prison's denial of the deductions breached "a binding contract" created by department education policies; (3) the language in NMSA 1978, § 33-2-34 (2015) was not discretionary but subjective and legally binding; and (4) he possessed liberty, expectation, and reliance interests in the deductions. *Id.*

The state habeas court dismissed the amended petition for two primary reasons. First, Boulden had no protected liberty interest in the receipt of the meritorious deductions because these decisions were discretionary and, second, the legal studies programs were not eligible for a deduction because they were not on the prison's list of approved meritorious deduction programs. *Id*. at 246-47. The New Mexico Supreme Court denied Boulden's petition for writ of certiorari and motion for reconsideration. *Id*. at 122; ECF 18-3 at 6. Bolden then filed the instant federal habeas petition. Pet.

## II.   PARTY ARGUMENTS

Boulden asserts that the denial of his meritorious deductions violated four sets of rights enumerated in his respective grounds for relief: Ground One, due process under the federal and

state constitutions; Ground Two, NMSA § 33-2-34; Ground Three, the Ninth Amendment to the U.S. Constitution and Article Fourteen, Section One of the New Mexico Constitution; Ground Four, the Fourteenth Amendment to the U.S. Constitution and Article Fourteen, Section One of the New Mexico Constitution; and Ground Five, the New Mexico Constitution's Separation of Powers Clause. Pet. at 7-8.

The State responds that Boulden can only assert federal constitutional challenges in this federal habeas petition; thus, no state constitutional, state statutory, or state contract claims can trigger federal habeas relief. ECF 18 at 8-9. The State also asserts that there is no independent cause of action created by the Ninth Amendment to the U.S. Constitution, thereby limiting any rights at issue to the Fourteenth Amendment Due Process Clause. ECF 18 at 9-10. The State next emphasizes that Boulden does not have a protected liberty interest because he does not already have the good time credits from the meritorious deductions and the issuance of the meritorious deductions is discretionary. *Id*. at 11-14. Additionally, the State contends that the prison was justified in not issuing the deductions because the programs Boulden took were not approved for them. *Id*.

### III. Applicable Law

#### a. § 2241 Petitions

A state petitioner challenging the *execution* of his sentence properly brings his claims pursuant to 28 U.S.C. § 2241. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence.") (citations omitted). To obtain habeas corpus relief, an inmate must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]"

28 U.S.C. § 2241(c)(3). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

While § 2241 does not contain an express exhaustion requirement, Tenth Circuit precedent requires a state prisoner challenging the execution of his sentence pursuant to 28 U.S.C. § 2241 to exhaust available state court remedies prior to filing a federal habeas petition. *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (citing *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000)). Exhaustion requires "a state prisoner . . . [to] have first submitted each of his claims to the State's highest court." *Jernigan v. Jaramillo*, 436 F. App'x 852, 855 (10th Cir. 2011) (unpublished) (citations omitted).

The standard of review of the state court's decision is less clear in § 2241 cases. In *Walck v. Edmondson*, the Tenth Circuit expressly held that, "we review habeas claims made pursuant to § 2241 . . . de novo." 472 F.3d 1227, 1235 (10th Cir. 2007). *Walck*'s de novo standard is a minority approach in this circuit and is peculiar given that "it seems somewhat contradictory to require § 2241 petitioners to exhaust all state remedies while simultaneously refusing to accord the state determination any deference." *Rascon v. Lopez*, No. CV 12-0036 JAP/WPL, 2012 WL 13076562, at *3-4 (D.N.M. Apr. 24, 2012). More significantly, *Walck* conflicts with an earlier Tenth Circuit published opinion without distinguishing it, let alone expressly overruling it based upon an intervening Supreme Court decision. *See Henderson v. Scott*, 260 F.3d 1213, 1215 (10th Cir. 2001) ("Although we analyze [petitioner's] claim under § 2241, we still accord deference to the [state court's] determination of the federal constitutional issue."). This conflict is concerning given that "[a]bsent an intervening Supreme Court or en banc decision justifying such action," a panel lacks the power to overrule prior published precedent. *Berry v. Stevinson Chevrolet*, 74 F.3d 980, 985 (10th Cir. 1996).

Additionally, this Court notes the dissonance between providing an exacting de novo standard of review for challenges to some facet of the execution of a petitioner's sentence under § 2241 while courts use a deferential standard to review the arguably much more important challenges to a petitioner's entire sentence under § 2254. In other words, if Boulden were to challenge his entire 27-year sentence, this Court would use the deferential § 2254 standard. It appears quite incongruous to scrutinize this state court's denial of two 30-day meritorious deductions with significantly greater scrutiny under the more exacting de novo standard of review.

With all of this in mind, this Court agrees with the majority approach of according deference to state court determinations on § 2241 petitions. *See Franklin v. Stephenson*, No. 1:20-cv-576 MIS/JFR, 2022 WL 6103342, at *2 n.2 (D.N.M. Oct. 7, 2022); *see also Brown v. Ulibarri*, 298 F. App'x 746, 748-49 (10th Cir. 2008) (unpublished) (citing and applying the 28 U.S.C. § 2254(d) deferential standard of review to state prisoner's challenge under § 2241 to state court decisions regarding withholding and forfeiture of good time credits). Regardless, this Court also finds that Boulden's petition would still fail even under a de novo standard of review. *See infra* § IV Analysis.

Courts liberally construe pro se petitions. *Weinbaum v. City of Las Cruces, N.M.*, 541 F.3d 1017, 1029 (10th Cir. 2008). Liberal construction requires courts to make some allowance for a pro se litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[.]" *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.*

    b.  **Liberty Interest in Time Deductions**

Prisoners only have a constitutionally protected liberty interest in meritorious deductions that (1) they have already earned or (2) are mandatory; they are not entitled to unearned good time credits that are discretionarily awarded. *See Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006); *see also Stine v. Fox*, 731 F. App'x 767, 770 (10th Cir. 2018) (unpublished) (explaining that where good-time credits are discretionarily awarded, "the defendants have not deprived the prisoner of any earned time to which he was *entitled*" and thus no liberty interest is involved) (quoting *Fogle*, 435 F.3d at 1262); *cf. Templeman v. Gunter*, 16 F.3d 367, 370 (10th Cir. 1994) (recognizing that a Colorado statute which makes the award of the deduction mandatory by stating "the department . . . *shall* grant . . . an earned time deduction" would create a liberty interest) (emphasis added).

The New Mexico Earned Meritorious Deductions Act governs the eligibility for and award of good time credits in the New Mexico state prison system. N.M. Stat. Ann. 33-2-34; *State v. Tafoya,* 2010-NMSC-019, ¶ 27 (The Meritorious Deductions Act "governs the eligibility for and award of good time credits in our state prisons."). Subsection D of this Act provides for how "[a] prisoner . . . *is eligible* for lump-sum meritorious deductions." *Ayala v. N.M. Corr. Dep't*, No. A-1-CA-37846, 2020 WL 7311958, at *1 (N.M. Ct. App. Dec. 7, 2020) (unpublished) (emphasis added). According to the Act, however, good time credits are only awarded after the procedure of recommendation and approval set forth in Subsection B of the Meritorious Deductions Act is complete. Subsection B states:

> A prisoner *may* earn meritorious deductions upon recommendation by the classification supervisor, based upon the prisoner's active participation in approved programs and the quality of the prisoner's participation in those approved programs. A *prisoner may not earn meritorious deductions unless the recommendation of the classification supervisor is approved by the warden or the warden's designee.*

N.M. Stat. Ann. § 33-2-34(B) (emphasis added);  This statutory language has continuously been

6

recognized as discretionary because it uses "may" instead of "shall" and specifies that the deduction is contingent on the warden or a designee's approval. *See, e.g., Brown*, 298 F. App'x at 749-50 (holding the Meritorious Deductions Act does not provide a protected liberty interest in unearned good time credits because the awards are discretionary); *Tafoya*, 2010-NMSC-019, ¶ 27 ("Defendant does not have a constitutionally protected liberty interest in unearned good time credits."); *c.f. Templeman*, 16 F.3d at 370 (recognizing that a Colorado statute which states "the department . . . *shall* grant . . . an earned time deduction" created a liberty interest).

Additionally, prisoners must participate in *approved* programs to earn a deduction. N.M. Stat. Ann. 33-2-34(L)(2) ("'program' means . . . educational . . . programs, approved by the classification supervisor, that contribute to a prisoner's self-betterment through the development of personal and occupational skills."); *see also State v. Smith*, No. A-1-CA-35199, 2019 WL 6717664, at *4 (N.M. Ct. App. Nov. 6, 2019) ("To earn good time credit, a prisoner must participate in particular programs, maintain good behavior, be recommended for good time credit by a supervisor, and have this credit approved by the warden.") (citations omitted).

## IV.   ANALYSIS

To begin, this Court can easily dispatch with Boulden's second and fifth grounds for habeas relief because those grounds only raise state law claims. Pet. at 7-8 ("GROUND TWO: Violation of State Statute . . . . GROUND FIVE: Violation of Separation of Powers N.M. Const. Art. III Sec. 1"). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67-68.   Additionally, Boulden cannot raise an independent claim for relief under the Ninth Amendment of the U.S. Constitution because the Ninth Amendment is a rule of construction rather than a source of additional rights. *Heath v. Norwood*, 325 F. Supp. 3d 1183, 1193 (D. Kan. 2018) (citing *United States v. Baer*, 235 F.3d 561,

564 (10th Cir. 2000) for the proposition that the Ninth Amendment recognizes there are unenumerated rights but does not create those rights).

Liberally construed, all of Boulden's grounds for habeas relief relate to him being denied two meritorious 30-day deductions for completing legal studies programs. *See* Pet. Every one of these grounds fail for two reasons: First, he has no protected liberty interest in these good time credits because these awards are discretionary. Second, these courses are not approved for a deduction.

The Tenth Circuit, New Mexico Supreme Court, and judges in this district have consistently held that the New Mexico Meritorious Deductions Act and the regulations promulgated under it do not create a liberty interest in unearned good time credits. *See Brown*, 298 F. App'x at 749-50; *Tafoya*, 2010-NMSC-019, ¶ 27; *Pavloff v. Salazar-Arp,* No. CV 07-0625 MCA/WPL, 2008 WL 11450468, at *4 (D.N.M. Nov. 19, 2008), *report and recommendation adopted*, No. CV 07-0625 MCA/WPL, 2008 WL 11450529 (D.N.M. Dec. 19, 2008) ("[the petitioner] has indicated no statutory or regulatory framework to suggest that New Mexico has created a liberty interest in prison employment or educational" good time credits.).

Additionally, Boulden did not attend programs that were eligible for a meritorious deduction because these programs were not approved for a meritorious deduction and did not have at least 100 *supervised* hours of coursework. ECF 18-3 at 34 (denying Boulden's meritorious deductions because the programs were, first, not approved and, second, did not have a minimum of 100 supervised hours), 32-33 (correspondence from Blackstone Career Institute stating the Assistant/Paralegal Diploma Program equates to 30.5 semester hours and each Advanced Paralegal Course equates to 3 semester hours); New Mexico Corrections Department Policy 082800 (stating to be *eligible* for—not guaranteed—a deduction, the program must be certified and consist of a

minimum of 100 hours of supervised activity).

That these courses were not approved for deductions and did not consist of 100 hours of supervised coursework was explained to Boulden throughout his administrative proceedings. *See generally* ECF 18-3 (administrative proceedings). Additionally, the state court explained to Boulden that he, first, did not have a liberty interest in these credits and, second, that these courses were not approved for a deduction. ECF 18-1 at 246-47. Boulden's continued refusal to accept the law and facts governing his right to habeas relief does not change the consistent outcome of his challenges. While he was allowed to participate in these courses and his educational supervisor initially recommended that he was eligible for a deduction, his deductions were ultimately denied for failure to participate in an approved program that met the 100-hour eligibility criteria. ECF 18-3 at 31, 34, 39, 54. More importantly, eligibility is not a source of entitlement triggering the due process clause's requirements. This Court agrees with the state court's determination and again recommends denial of Boulden's Petition.

## V. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** Boulden's Petition be **DENIED** and this case **DISMISSED WITH PREJUDICE**. The Court **FURTHER RECOMMENDS** that no certificate of appealability be granted.

**SO RECOMMENDED**.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). Any request for an extension must be filed in writing no later than seven days from the date of this filing. **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**