IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

**DONALD A. BOULDEN**,

       Petitioner,

    vs.                                       Case No. 22-CV-411-WJ/GJF

**GEORGE STEPHENSON, Warden, and
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO**,

       Respondents.

## MEMORANDUM OPINION AND ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") (**Doc. 25**), Petitioner Donald Boulden's Objections to the PFRD (**Doc. 27**), and Respondents' Response (**Doc. 28**).

Having carefully reviewed Petitioner's Objections *de novo*, the Court finds them without merit. For the reasons that follow, the Court: (1) **OVERRULES** Petitioner's Objections, (2) **ADOPTS** the Magistrate Judge's PFRD, (3) **DISMISSES** Petitioner's writ of habeas corpus under 28 U.S.C. § 2241 **with prejudice**, and (4) **DENIES** a Certificate of Appealability ("COA").

### BACKGROUND

The parties are familiar with the facts,[1] so the Court does not recite them here. Instead, the Court only summarizes the relevant filings and procedural history.

---

[1] Petitioner Boulden has filed numerous cases in this district. Each has been dismissed or denied. *See, e.g., Boulden v. Janecka*, No. 09-cv-770, 2010 U.S. Dist. LEXIS 158506 (D.N.M. Sept. 3, 2010) (PFRD recommending denial and dismissal of § 2254 petition), *adopted at* 2010 U.S. Dist. LEXIS 158514 (D.N.M.

In 2006, Boulden pleaded no contest to kidnapping and criminal sexual penetration (**Doc. 18-1 at 37–43 & Doc. 18-3 at 7–8**). This was a state case arising out of the 7th Judicial District of New Mexico, County of Torrance. *See* Case No. D-722-CR-2005-68. A few years ago, Boulden sought relief in the state system. But the state dismissed his habeas petition, **Doc. 18-1 at 266–67**, and the New Mexico Supreme Court denied certiorari (**Doc. 18-3 at 6**).

Then, on May 31, 2022, Petitioner Boulden filed a writ of habeas corpus under § 2254 (**Doc. 1**) in this Court. Shortly after, the Court issued a Memorandum Opinion and Order ordering Petitioner Boulden to file an amended § 2241 petition (**Doc. 11 at 4**). That's because his original filing was stylized as a § 2254 petition even though it attacked the execution of his sentence. *Id.* Boulden complied—and filed an amended petition (**Doc. 12**) a few weeks later. Boulden's amended writ seeks to challenge prison officials' decision to not award good time credits (to which he believes he is entitled).

On June 6, 2024, Magistrate Judge Gregory Fouratt issued his PFRD (**Doc. 25**). In a thorough and well-reasoned PFRD, the Magistrate Judge recommended that: (1) Boulden's Petition be denied, (2) this case be dismissed with prejudice, and (3) a certificate of appealability ("COA") not be issued. **Doc. 25 at 9**. Petitioner Boulden objected (**Doc. 27**). But, as explained below, the Court agrees with the Magistrate Judge's PFRD.

## LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1)(C), this Court conducts a *de novo* review of any objections to the Magistrate Judge's PFRD. *See Garcia v. City of Albuquerque*, 232 F.3d 760, 766–67 (10th Cir. 2000). Federal Rule 72 provides further guidance, explaining the Court "must determine de novo

---

Sept. 28, 2010) (Black, J.), *aff'd* 435 F. App'x 711 (10th Cir. 2011) (unpublished); *Boulden v. Santistevan*, No. 21-cv-440, 2023 U.S. Dist. LEXIS 155155 (D.N.M. Aug. 31, 2023) (PFRD recommending dismissal), *adopted at Boulden v. Roark*, No. 21-cv-440, 2023 U.S. Dist. LEXIS 181189 (D.N.M. Oct. 6, 2023) (Riggs, J.).

any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

That being said, a party's objections to the PFRD must be "both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996); *see also Martin v. Utah*, 2023 U.S. App. LEXIS 29077, at *3–4 (10th Cir. Nov. 2, 2023) (unpublished). An objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *One Parcel*, 73 F.3d at 1060. Issues raised for the first time in an Objection to the PFRD are deemed waived. *Reyna v. Brown*, 561 F. App'x 671, 672 (10th Cir. 2014) (unpublished) (citing *United States v. Garfinkle,* 261 F.3d 1030, 1030–31 (10th Cir. 2001)).

The Court finds that Petitioner Boulden's Objections were timely[2] filed, but meritless.

## *DE NOVO* REVIEW OF PETITIONER'S OBJECTIONS

Petitioner Boulden's Objections (**Doc. 27 at 2**) are functionally the very same arguments contained in both: (1) his state habeas petition (**Doc. 18-1 at 125–31**), and (2) his Amended federal Petition (**Doc. 12 at 2**).

In a nutshell, he argues: (1) the prison's refusal to grant the meritorious deductions violated his state and federal rights; (2) the prison's denial of the deductions breached "a binding contract"; (3) the language in NMSA 1978, § 33-2-34 is mandatory; and (4) he possessed a liberty interest in the deductions.

---

[2] Petitioner comments that his filing is late, but Respondents do not contest the timeliness of Petitioner's filing—ostensibly because of the mailbox rule in the prisoner litigation context. *Cf. Price v. Philpot*, 420 F.3d 1158, 1165–66 (10th Cir. 2005) (describing the mailbox rule). The Court notes that although the Objections were not filed until June 21, 2024, they were mailed on June 18, 2024 (**Doc. 27 at 9**). Petitioner's Objections are, therefore, timely.

In the § 2241 context, a state petitioner cannot challenge prior state court determinations on questions of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Instead, a § 2241 Petition must allege a violation of "the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3). Thus, Petitioner Boulden's arguments about violating his state rights, breaching a contract, and interpreting a New Mexico statute are inappropriate—because jurisdiction to consider and decide state law questions is not vested in a federal court or judge. *See Johnson v. Patton*, 580 F. App'x 646, 647 (10th Cir. 2014) (unpublished) (noting "[t]he district court properly dismissed [Petitioner's] . . . argument[s] . . . based solely on state law."); *see also Hooks v. Workman*, 689 F.3d 1148, 1180 (10th Cir. 2012) (Holmes, J.) (same); *cf.* 28 U.S.C. § 2241(c).

Instead, this Court focuses on only those federal questions presented—namely: (1) whether the prison's refusal to grant the meritorious deductions violated his federal rights, and (2) whether Petitioner Boulden has a federally recognized protected liberty interest in good time credits.

The answer is "yes," if (and *only* if) the deductions were: (1) earned, or (2) mandatory. *See Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006). But here, the good time credits are discretionary. Thus, Petitioner does not have a liberty interest in the time deduction because he is not entitled to such a deduction. *Compare Duncan v. Gunter*, 15 F.3d 989, 992 (10th Cir. 1994) (finding no liberty interest in "discretionary" "earned-time credits"), *with Templeman v. Gunter*, 16 F.3d 367, 370 (10th Cir. 1994) (finding a liberty interest where deductions are mandatory). These cases highlight the importance of the state's statutory regime—*i.e.*, "shall grant" or "may grant" earned time deductions.[3] As it stands, Petitioner Boulden has not actually "earned" any deductions.

---

[3] There is no general Constitution right to good-time credits. *Searcy v. Simmons*, 299 F.3d 1220, 1226 (10th Cir. 2002). Instead, a liberty interest in earned time arises where a statute mandates the award of time and

The PFRD makes this point clear. *See* **Doc. 25 at 6–7** (citing NMSA 1978 § 33-2-34). In New Mexico, a prisoner "may earn meritorious deductions," but only if "approved by the warden or the warden's designee." NMSA 1978 § 33-2-34(B). The Magistrate Judge highlighted the above-mentioned discretionary aspect of the New Mexico regime:

> This statutory language has continuously been recognized as discretionary because it uses "may" instead of "shall" and specifies that the deduction is contingent on the warden or a designee's approval. *See, e.g., Brown*, 298 F. App'x at 749–50 (holding the Meritorious Deductions Act does not provide a protected liberty interest in unearned good time credits because the awards are discretionary); *Tafoya*, 2010-NMSC-019, ¶ 27 ("Defendant does not have a constitutionally protected liberty interest in unearned good time credits.").

**Doc. 25 at 6–7**. Thus, Petitioner's Objection that "[t]he word 'may' does not make [the earned meritorious deductions] discretionary" is not well-taken (**Doc. 27 at 5**). Additionally, because the Warden (or the Warden's designee) did not approve the deductions, they are unearned. *See* **Doc. 28 at 4–6** (noting that Petitioner has not "earned" any deductions).

Petitioner Boulden's Objections must be overruled. For one, he has no protected liberty interest in these good time credits because they are discretionarily awarded. And second, his courses were not approved—meaning they were not "earned." Accordingly, the Court overrules the following:

Objection 1: he has a liberty interest in the lump sum award (**Doc. 27 at 2**);

Objection 2: the deductions were mandatory, not discretionary (*id.*).

---

prison officials lack discretion in awarding it. *See Ernst v. Thurlow*, 42 F.3d 1406 [published in full-text format at 1994 U.S. App. LEXIS 33683, at *5–6] (10th Cir. Nov. 30, 1994) (unpublished table opinion).
   Numerous Tenth Circuit opinions make this point clear. *See, e.g., Stine v. Fox*, 731 F. App'x 767 (10th Cir. 2018) (unpublished); *Chapman v. Lampert*, 711 F. App'x 455 (10th Cir. 2017) (unpublished); *Reed v. Early*, 672 F. App'x 876 (10th Cir. 2016) (unpublished) (Hartz, J.) ("The due-process claims failed because [Petitioner] . . . had no protected liberty interest in receiving discretionarily awarded good-time or earned-time credits."); *Counts v. Wilson*, 573 F. App'x 754 (10th Cir. 2014) (unpublished).

Finally, to the extent any of the Objections are based in state[4] law claims, those are also overruled (or, alternatively, dismissed). *See Lopez v. Trani*, 628 F.3d 1228, 1231 (10th Cir. 2010); *cf.* **Doc. 25 at 7** ("easily dispatch[ing] with Boulden's . . . state law claims.").

## DENIAL OF A COA

In his Objections, Petitioner argues that the Court should not deprive him of an appeal, if necessary (**Doc. 27 at 8**). The Court construes[5] this request as an objection to the Magistrate Judge's recommended denial of a COA (**Doc. 25 at 9**).

Section 2253(c)(1)(A) explains that no appeal is permitted "in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner first obtains a COA. *See Montez v. McKinna*, 208 F.3d 862, 866–69 (10th Cir. 2000) (holding § 2253(c)(1)(A)'s requirements apply when a state habeas petitioner is proceeding under § 2241). Indeed, a COA may only be issued if the Petitioner made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Because Petitioner Boulden has not made such a showing, the Court will deny a COA.

## CONCLUSION

**IT IS THEREFORE ORDERED** that:

(1) Petitioner's Objections to the PFRD (**Doc. 27**) are **OVERRULED**;

(2) The Magistrate Judge's PFRD (**Doc. 25**) is **ADOPTED**;

(3) Petitioner's writ of habeas corpus under 28 U.S.C. § 2241 (**Doc. 12**) is **DISMISSED with prejudice**; and

---

[4] In his conclusion, Petitioner Boulden alleges violations of the New Mexico Constitution, a binding contract with the state, and his state created liberty interest (**Doc. 27 at 1–2 & 7–8**).

[5] Here, the Court construes Petitioner Boulden's pleading "liberally," and interprets his request as an objection to the Magistrate Judge's recommendation to deny a COA. *See Johnson v. Reyna*, 57 F.4th 769, 775 (10th Cir. 2023).

(4) a COA is **DENIED**.

/s/

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE